# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SANCHEZ, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>VENTURE PLUS INC., a California Corporation doing business as ARCO on 54th; and DOES 1-10, inclusive,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 20-cv-01621-H-WVG<br><br>**ORDER GRANTING MOTION TO DISMISS STATE LAW CLAIM**<br><br>[Doc. No. 4.] |

On January 20, 2021, Defendant Venture Plus Inc. filed a motion to dismiss the state law claim in Plaintiff Maria Sanchez's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Doc. No. 4.) On February 3, 2021, Plaintiff filed a response in opposition to Defendant's motion to dismiss. (Doc. No. 9.) A hearing on Defendant's motion to dismiss is currently scheduled for February 22, 2021 at 10:30 a.m. The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the reasons below, the Court grants Defendant's motion to dismiss Plaintiff's state law claim for lack of subject matter jurisdiction.

///

# BACKGROUND

The following facts are taken from the allegations in Plaintiff's complaint.  Plaintiff Maria Sanchez is mobility impaired and relies upon mobility devices to ambulate.  (Doc. No. 1, Compl. ¶¶ 1, 8.)  Plaintiff alleges that as a result of her disability, she requires ADA-complaint access to businesses to utilize their goods, services, and facilities.  (Id. ¶ 9.)  Defendant is a California corporation that operates a gasoline service station in San Diego, California.  (Id. ¶¶ 11-16.)

In August 2020, Plaintiff visited Defendant's gas station with the intention to avail herself of the facilities' goods and services, but she encountered numerous barriers.  (Id. ¶¶ 21, 27.)  Specifically, Plaintiff alleges: (1) the curb ramps and hazardous vehicle ways did not have a detectable warning surface from the sidewalk to the parking lot as required by the ADA Accessibility Guidelines; (2) the accessible parking signage did not have the proper signage with the appropriate information as required by the ADA Accessibility Guidelines; (3) the cross slope and the running slope in the accessible parking stall and the access aisle exceeded 2%; and (4) defendant failed to provide wheelchair accessible paths of travel leading to the entrance of the facility in conformance with the ADA Standards. (Id. ¶¶ 23, 25-26.)  Plaintiff alleges that these barriers denied her full and equal access to the facility and caused her difficulty, discomfort, and embarrassment.  (Id. ¶ 28.)  Plaintiff further alleges that she plans to return and patronize Defendant's business, but she is deterred from doing so due to her knowledge that these barriers exist.  (Id. ¶¶ 29, 31.)

On August 20, 2020, Plaintiff filed a complaint against Defendant, alleging claims for: (1) violations of the American With Disabilities Act, 42 U.S.C. § 12101 et seq.; and (2) violations of the Unruh Civil Rights Act, California Civil Code § 51 et seq. (Doc. No. 1, Compl. ¶¶ 33-48.)  By the present motion, Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiff's Unruh Act claim for lack of subject matter jurisdiction. (Doc. No. 4-1 at 3.)

///

///

**DISCUSSION**

I. **Legal Standards for a Rule 12(b)(1) Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims for lack of subject matter jurisdiction. "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

Here, Defendant's Rule 12(b)(1) motion focuses solely on the allegations in the Plaintiff's complaint, and, thus, Defendant makes a facial attack under Rule 12(b)(1). (See Doc. No. 4-1 at 3-8.) "In deciding a Rule 12(b)(1) facial attack motion, a court must assume the facts alleged in the complaint to be true and construe them in the light most favorable to the nonmoving party." Strojnik v. Kapalua Land Co. Ltd, 379 F. Supp. 3d 1078, 1082 (D. Haw. 2019) (citing Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003)); see Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty., 343 F.3d 1036, 1039 (9th Cir. 2003); Rimac v. Duncan, 319 F. App'x 535, 536 (9th Cir. 2009).

II. **Analysis**

In the complaint, Plaintiff alleges: (1) a claim under federal law for violations of the ADA; and (2) a claim under California state law for violations of the Unruh Act, California Civil Code § 51 et seq. (Doc. No. 1, Compl. ¶¶ 33-48.) Because Plaintiff's ADA claim presents a federal question, the Court has subject matter jurisdiction over that claim and the action pursuant to 28 U.S.C. § 1331. See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005).

Defendant moves to dismiss Plaintiff's Unruh Act claim pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. (Doc. No. 4-1 at 3-8.) In response, Plaintiff asserts that the Court has subject matter jurisdiction over her Unruh Act claim, because the Court

should exercise supplemental jurisdiction over the claim pursuant to 28 U.S.C. § 1367. (Doc. No. 9 at 5-8.)

Under Section 1367, federal courts may exercise supplemental jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Id. § 1367(c); see Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (""[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)."). "[A] district court can decline jurisdiction under any one of four provisions" set forth in section 1367(c). San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 478 (9th Cir. 1998).

In exercising its discretion to retain or decline jurisdiction, a district court may consider the "circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997). In addition, a district court's exercise of direction is informed by the values "of economy, convenience, fairness, and comity" outlined in United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966). Acri, 114 F.3d at 1001 (citations omitted).

Here, Plaintiff's Unruh Act claim substantially predominates over her ADA claim. Both entitle her to injunctive relief; however, only the Unruh Act allows her to recover statutory damages. "Unlike the ADA, the Unruh Act permits the recovery of monetary damages, in the form of actual and treble damages or statutory damages of $4,000 per violation." Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1011 (C.D. Cal. 2014) (citing

Molski v. M.J. Cable, Inc., 481 F.3d 724, 731 (9th Cir. 2007); Cal Civ. Code 52(a)).  Thus, in light of the remedies provided under the federal and state laws, the state law claim[] predominate[s]."  Langer v. Honey Baked Ham, Inc., No. 3:20-CV-1627-BEN-AGS, 2020 WL 6545992, at *8 (S.D. Cal. Nov. 6, 2020); see Brooke v. CWI 2 La Jolla Hotel LP, No. 19-CV-2433-CAB-MDD, 2019 WL 6918005, at *1 (S.D. Cal. Dec. 19, 2019) ("[T]he state claim and the issues related thereto substantially predominate over the ADA claim, which appears to be a secondary claim included to justify filing the complaint in this Court, rather than a necessary (let alone predominant) claim in this lawsuit."); Schutza v. Cuddeback, 262 F. Supp. 3d 1025, 1030 (S.D. Cal. 2017) ("[T]he Court finds that Plaintiff's state law claim under the Unruh Act substantially predominates over his federal claim under the ADA."); see also Gibbs, 383 U.S. at 726-27 ("[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.").

Also, compelling interests in comity and deterring forum shopping support declining jurisdiction over Plaintiff's Unruh Act claim.  "California has a strong interest in protecting its citizens and businesses from abusive litigation and also in preventing its own laws from being misused for unjust purposes."  Brooke, 2019 WL 6918005, at *2.  In light of this, the Unruh Act requires high-frequency litigants, such as Plaintiff,[1] to meet heightened pleading

---

[1] California imposes heightened pleading requirements for disability-discrimination lawsuits brought by "high-frequency litigants," defined as, *inter alia*, "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation."  See Cal. Civ. Proc. Code §§ 425.50(a)(4)(A), 425.55(b)(1).  The Court takes judicial notice of the fact that Plaintiff has filed six disability discrimination cases in the Southern District of California and at least five disability discrimination cases in the Superior Court of California, County of San Diego in the past year.  (See Doc. No. 4-2.)  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir.2006) ("We may take judicial notice of court filings and other matters of public record."); see, e.g., Roberson v. City of Los Angeles, 220 F. App'x 522, 523 (9th Cir. 2007) (taking judicial notice of a state court docket sheet).  Thus, Plaintiff likely qualifies as a high-frequency litigant for the purposes of California's Unruh Act.  In addition, the Court notes that Plaintiff does not contest Defendant's assertion that she would be

requirements. Cal. Civ. Proc. Code § 425.50; see Schutza, 262 F. Supp. 3d at 1030. Thus, "it would be improper to allow Plaintiff to use the federal court system as a loophole to evade California's pleading requirements." Rutherford v. Ara Lebanese Grill, No. 18-CV-01497-AJB-WVG, 2019 WL 1057919, at *5 (S.D. Cal. Mar. 6, 2019); see Schutza, 262 F. Supp. 3d at 1031 ("It is unclear what advantage—other than avoiding state-imposed pleading requirements—Plaintiff gains by being in federal court since his sole remedy under the ADA is injunctive relief, which is also available under the Unruh Act."); Schutza v. Enniss Family Realty I LLC, No. 20-CV-0298 W (JBL), 2020 WL 3316969, at *3 (S.D. Cal. June 18, 2020) ("Allowing Plaintiff to bootstrap his Unruh Act claim onto an ADA claim for the sole purpose of avoiding California's procedural rules would allow Plaintiff the enjoyment of those parts of California law that benefit him while disallowing the parts purposefully enacted to protect Defendants."); see also Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest., 406 F. Supp. 2d 1120, 1132 (S.D. Cal. 2005) ("Because a legitimate function of the federal courts is to discourage forum shopping and California courts should interpret California law . . . compelling reasons exist to decline supplemental jurisdiction over plaintiff's state law claims.").

In sum, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim because it substantially predominates over her federal claim under the ADA and exceptional circumstances favor dismissal, including the Court's interests in comity and discouraging forum-shopping. See Langer, 2020 WL 6545992, at *7 (collecting cases and noting "[r]ecently, almost every district judge in the Southern District has declined to exercise supplemental jurisdiction over supplemental state law claims in similar cases alleging violations of the ADA and UCRA"); Marquez v. KBMS Hosp. Corp., No. SACV2001168CJCKES, __ F. Supp. 3d __, 2020 WL 6594995, at *5 (C.D. Cal. Oct. 5, 2020). But see Castillo-Antonio v. Hernandez, No. 19-CV-00672-JCS, 2019 WL

---

subject to the heightened pleading requirements of California Code of Civil Procedure § 425.50. (See Doc. No. 9 at 7.)

2716289, at *4–9 (N.D. Cal. June 28, 2019).  As such, the Court grants Defendant's motion to dismiss Plaintiff's Unruh Act claim.

## CONCLUSION

For the reasons above, the Court grants Defendant's motion to dismiss Plaintiff's Unruh Act claim for lack of subject matter jurisdiction.  The Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim, and the Court dismisses the claim from the action without prejudice.  See, e.g., Molski v. Foster Freeze Paso Robles, 267 F. App'x 631, 633 (9th Cir. 2008) (noting that although a court may decline to exercise supplemental jurisdiction over state law claims, when it does, it must dismiss those claims without prejudice).  The action will proceed on Plaintiff's remaining claim for violations of the ADA.  Defendant must a file an answer to Plaintiff's complaint within **30 days** of the date this order is filed.

**IT IS SO ORDERED.**

DATED: February 16, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT